WILLIAM B. HEAD, Appellant, v. THOMAS J. WASH, Appellee.

CHANCERY: PRACTICE: RE-HEARING.—The 4th section of the Act of 1822, (Hutch. Code, 765,) which allows a non-resident defendant to a suit in chancery five years after the enrolling of the final decree, in which to petition the court for a re-opening of the cause, does not provide that the costs shall be paid, or secured upon the filing of the petition, but only upon filing the answer; and it is not necessary, in such a case, that the answer should be filed, or the costs paid or secured, within the five years—the petition having been presented in time.

APPEAL from the Superior Court of Chancery. Hon. Charles Scott, chancellor.

On the 28th day of August, A. D. 1843, an original bill was filed in the Chancery Court, by the appellee against the appellant, to remove certain clouds and incumbrances on land. Publication was made and *pro confesso* taken, and a final decree enrolled on the 16th day of January, 1849. The appellant filed his petition for a re-opening of the cause, and asking permission to file his answer, on the 3d day of July, 1849. To this petition, the appellee interposed his demurrer, which, being overruled at the December term of the court, A. D. 1850, he appealed. The appeal was determined in the High Court of Errors and Appeals, in June, 1854, when the decree of the Chancery Court, overruling the demurrer, was affirmed, and the cause remanded to that court, with instructions to proceed in accordance with the provisions of the 4th section of the Act of 1822. Hutch. Code, 765.

On the 21st of December, 1854, the court, on motion of the appellee, dismissed the petition for rehearing, upon the ground that the answer had not been filed, and the costs paid, within five years from the enrolling of the original final decree. At the same term the appellant presented his answer, and asked leave to file it, and offered to pay or secure the costs; which application was overruled by the court.

It appeared, in evidence, on the trial of this motion, that the appellant, on the 21st day of July, 1854, filed his answer with the clerk, without leave of the court, and then offered to pay or secure the costs, which the clerk declined to receive, upon the ground that the chancellor had the papers in this cause under advisement, on a motion which had theretofore been made.

*T. J.* and *F. A. R. Wharton,* for appellant.

*L. V. Dixon,* for appellee.

HANDY, J., delivered the opinion of the court.

This case was before the court at a previous term, when it was remanded to the Superior Court of Chancery, to be proceeded with under the provisions of the 4th section of the Act of 1822, Hutch. Code, 765.

When the case went back to the court below, a motion was made to dismiss the petition, which was sustained, on the ground, that after the previous decision of the case here, the answer of the petitioner to the original bill against him, was filed by the clerk, without leave of the court. It appeared that when the answer was filed, the petitioner offered to pay or secure to the clerk, the costs of the original cause, which was declined, because the papers in relation to it were in the hands of the chancellor, under advisement upon some matter presented in the cause; and that when the motion to dismiss came on to be heard, the petitioner also offered to pay or secure the costs in court; but that, with these exceptions, no other offer had been made to pay or secure the costs, and that more than five years had elapsed after the original decree was made, before the costs were offered to be paid.

The chancellor sustained the motion, and dismissed the petition; from which order this appeal is taken.

This cause was founded on a clear misapprehension of the 4th section of the Act of 1822.

That act provides, that the petition to have the original cause reheard, shall be filed within five years after the decree pronounced—which was done in this case. This right is not coupled with the condition that the costs be paid or tendered, when the petition is filed, or within five years. But after the petition is filed and heard, the party, if he shows a proper case, is entitled to be admitted *to answer* the original bill, *upon* paying or securing the costs, as the court shall think reasonable. It is the filing of the answer, which is the result of the petition, and not the filing of the petition to be admitted to answer, that has the condition annexed to it, that the costs shall be first paid. Nor does the statute require or contemplate that the answer shall be filed within the five years; for it may be a matter for consideration, after the petition shall be filed, whether the case is within the provisions of the statute, and the remedy sought should be awarded. This may occasion a petition, filed within the five years, not to be decided until the lapse of that period. But if it was then determined, as it has been in this case, that he was entitled to file his answer, upon compliance with the condition annexed to the exercise of that privilege, it is sufficient if he offer to pay or secure the costs when the answer is filed. If the filing with the clerk was insufficient in this case, the appellant should at least have been permitted to file his answer on paying or securing the costs, when the motion to dismiss was made and presented to the court.

The decree is clearly erroneous, and is reversed, and the cause remanded, with directions that the answer be permitted *to be* filed on the appellant's paying or securing the costs.